Stephen P. and Helen J. Shoemaker v. Commissioner.
Shoemaker v. Commissioner
Docket No. 7227-70.
United States Tax Court
T.C. Memo 1972-176; 1972 Tax Ct. Memo LEXIS 82; 31 T.C.M. (CCH) 869; T.C.M. (RIA) 72176; August 16, 1972
Stephen P. Shoemaker, pro se, 1972 Palmerston Place, Apt. 101, Los Angeles, Calif., Earl Goldhammer, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: Petitioners are husband and wife. They resided in Los Angeles, California, when the petition herein was filed. They filed separate returns for 1965 and 1966, and a joint return for 1967, all with the district director at Los Angeles. An addition to tax for 1966 has been conceded by the Government. There remain in issue the following deficiencies determined by the Commissioner: 870 Stephen P.
Helen J.
Year
Shoemaker
Shoemaker
Joint
1965
$1,167.00
$1,167.00
1966
1,548.39
1,548.39
1967
$1,916.00
The sole matter in controversy relates to the Commissioner's disallowance of travel and *83 entertainment expenses claimed as deductions by the husband in the foregoing returns. Petitioner Stephen P. Shoemaker was the sole proprietor of a "one-man" advertising agency located in Los Angeles during the taxable years. His returns disclosed gross receipts from such agency in the amounts of $186,574, $155,881.06, and $127,859, for the years 1965, 1966, and 1967, respectively. The following schedule shows the amount of deductions claimed by petitioners for each of these years in respect of entertainment and travel and the amounts disallowed by the Commissioner in respect of these items: Business
Entertainment
Business
and Gifts
Travel
Claimed
Disallowed
Claimed
Disallowed
1965
$8,166.00
$8,166.00
$1,951.00
$ 1,951.00
1966
9,402.55
9,402.55
1,705.33
215.10
1967
6,120.00
5,501.00
678.00
678.00
This case involves solely compliance with the requirements of section 274 of the 1954 Code, as amended. Petitioner Stephen P. Shoemaker was the sole witness. He testified that he kept no diary; nor was there any evidence that he kept any other records of consequence relating to his expenditures that might document the expenses *84 in issue. Petitioner appeared to realize that section 274 was a bar to his position. The requirements of section 274, however, are specific, and we have no authority to relieve petitioner of the consequences of his failure to comply with its terms. In the circumstances, the Commissioner's determination in this respect must be approved. Decision will be entered under Rule 50.